UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JEFF KUSMIERSKI, Derivatively on Behalf of Nominal Defendant, NEXTERA ENERGY, INC., <br><br> Plaintiff, <br> v. <br><br> JOHN W. KETCHUM, et al., <br><br> Defendants, <br><br> -and- <br><br> NEXTERA ENERGY, INC., <br><br> Nominal Defendant. | Case No. 24-cv-22533-JB |

**JOINT MOTION TO STAY PROCEEDINGS AND
WAIVER OF SERVICE OF PROCESS BY THE INDIVIDUAL DEFENDANTS AND
<u>NOMINAL DEFENDANT NEXTERA ENERGY, INC.</u>**

Plaintiff Jeff Kusmierski ("Plaintiff"), and Defendants John W. Ketchum, Nicole S. Arnaboldi, Sherry S. Barrat, James L. Camaren, Kenneth B. Dunn, Naren Gursahaney, Kirk S. Hachigian, Amy B. Lane, David Porges, John A. Stall, Darryl L. Wilson, Rudy E. Schupp, John L. Skolds, Lynn M. Utter, James L. Robo, Eric Silagy, and David P. Reuter, (collectively, the "Individual Defendants"), and nominal defendant NextEra Energy, Inc. ("NextEra," together with the Individual Defendants, "Defendants") (together with Plaintiff, the "Parties"), file the instant motion seeking a stay of proceedings in this case. In support, the Parties state as follows.

**PROCEDURAL BACKGROUND**

1.  Plaintiff initiated Civil Action No. 24-22533 on July 2, 2024, by filing a five-count complaint seeking damages for purported breaches of fiduciary duty and alleged violations of federal securities laws (the "Derivative Action"). [ECF No. 1, 24-cv-22533 ("Complaint")].

2. Defendants hereby accept service of process through their counsel of record indicated below.[1]

3. The allegations and claims for relief set forth in the Derivative Action arise from the same nucleus of core facts that are at issue in an earlier-filed securities class action case, which is captioned *Jastram* v. *NextEra Energy, Inc., et al.*, No. 9:23-cv-80833-AMC and currently pending before the Southern District of Florida (the "Securities Class Action").

4. On December 1, 2023, lead plaintiffs The City of Hollywood Police Officers' Retirement System and the Pembroke Pines Firefighters & Police Officers Pension Fund in the Securities Class Action filed a second amended complaint, asserting substantively similar federal securities claims against Defendants James Robo, Eric Silagy, David P. Reuter, and NextEra, as well as Florida Power & Light Company.

5. Defendants in the Securities Class Action filed a motion to dismiss the second amended complaint on January 12, 2024. Oral argument was heard on May 13, 2024, and the motion is pending decision.

## DISCUSSION

6. The Parties believe that a stay of all proceedings and deadlines in the Derivative Action is warranted until the related Securities Class Action has concluded because the Securities Class Action and the Derivative Action are substantively similar and founded on the same nucleus of core facts.

7. Federal district courts may issue a stay of proceedings in order to prevent the squander of judicial and party resources. *See Landis* v. *N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the

---

[1] Undersigned counsel for Defendants are authorized to accept, and hereby do accept, service on behalf of their clients without prejudice and without waiver of any of Defendants' defenses, objections, or arguments, except as to sufficiency of service of process.

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.") (citations omitted); *I.A. Durbin, Inc.* v. *Jefferson Nat. Bank*, 793 F.2d 1541, 1551–52 (11th Cir. 1986) ("Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court.").

8. When determining whether to stay a case, a court should evaluate competing interests, including "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Sellers on behalf of 21st Century Holding Co.* v. *Lawson*, No. 08-60374-CIV, 2009 WL 10698793, at *2 (S.D. Fla. Mar. 30, 2009) (quoting *Filtrol Corp.* v. *Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)).

9. An order granting a stay of proceedings is especially appropriate where, as here, a derivative action is based on substantively the same allegations and claims for relief that are at issue in earlier-filed securities class action cases. *Yu on behalf of OPKO Health, Inc.* v. *Frost*, No. 18-24060-CIV, 2019 WL 5225059, at *1 (S.D. Fla. Aug. 1, 2019) ("[W]here derivative actions are premised on conduct that is the subject of other pending litigations, courts are prone to stay those actions.") (citations omitted); *Sellers on behalf of 21st Century Holding Co.*, 2009 WL 10698793, at *3; *Lee* v. *Frost*, No. 1:18-cv-24765 (S.D. Fla. Dec. 17, 2018, [ECF No. 14]); *Sobieski* v. *Frost*, No. 1:18-cv-25293-FAM (S.D. Fla. Feb. 19, 2019, [ECF No. 8]).

10. A stay is clearly warranted in the above-captioned case. The outcome of the related Securities Class Action will materially affect Plaintiff's alleged damages and could be dispositive of the claims asserted in the Derivative Action because there are identical overlapping Defendants

3

and legal issues present in the Securities Class Action and the Derivative Action. In other words, Plaintiff must prove substantially similar factual allegations in the Derivative Action to those that are at issue in the Securities Class Action. As such, entering a stay here will simplify this case by eliminating the possibility of redundant and conflicting proceedings. Moreover, it is unclear what damages, if any, Plaintiff will be entitled to in the instant Derivative Action if the overlapping Defendants are found to not be liable in the related Securities Class Action.

11. Based on the above, it would be impractical and wasteful to proceed with the Derivative Action and the related Securities Class Action simultaneously due to their factual overlap, as well as the inextricably intertwined legal issues that are present in both proceedings. A stay of these proceedings will therefore prevent the squander of limited judicial resources, prevent unnecessary expense by the parties, and promote the efficient administration of justice.

12. Notably, judges in this District have entered stay orders in similar derivative actions that are duplicative of earlier-filed securities class action cases, including a related derivative action pending before Judge Scola. *See Yu on behalf of OPKO Health, Inc.* v. *Frost*, 2019 WL 5225059, at *1 (S.D. Fla. Aug. 1, 2019) (Williams, J.); *Sellers on behalf of 21st Century Holding Co.*, 2009 WL 10698793, at *3 (Cohn, J.); *Lamborn* v. *Ketchum, et al.*, No. 9:23-cv-81471 (S.D. Fla. Jan. 18, 2024) (Scola, J.); *Lee* v. *Frost*, No. 1:18-cv-24765 (S.D. Fla. Dec. 17, 2018, [ECF No. 14]) (Ungaro, J.); *Sobieski* v. *Frost*, No. 1:18-cv-25293-FAM (S.D. Fla. Feb. 19, 2019, [ECF No. 8]) (Moreno, J.).

13. Out-of-district federal courts have done the same. *See, e.g.*, *In re Shareholder Derivative Litig.*, No. 18-cv-02452-YGR, 2019 WL 580668, at *5 (N.D. Cal. Jan. 23, 2019) ("[I]n light of the shared factual bases of the Derivative Action and the Securities Class Action, a stay will preserve judicial resources, [and a] stay ensures the fairest and most efficient course for all parties."); *In re Ormat Techs. Inc.*, No. 3:10-cv-00177-ECR-RAM, 2011 WL 3841089, at *4 (D.

4

Nev. Aug. 29, 2011) ("The concerns of hardship and equity to the moving party are especially relevant in shareholder derivative cases when a securities class action suit is proceeding on the same issues.").

## CONCLUSION

14. In light of the foregoing, the Parties request that the Court enter an order granting their Joint Motion to Stay these Proceedings as follows:

a) Undersigned counsel for Defendants is authorized to accept, and hereby does accept as of the date hereof, service of the Complaint [ECF No. 1, 24-cv-22533] on behalf of Defendants, without prejudice and without waiver of any of Defendants' defenses, objections, or arguments in this matter, except as to sufficiency of service of process.

b) Except as provided below, all proceedings, including any deadlines and any obligations to respond to any pleading in the Derivative Action are hereby stayed and shall remain stayed until the earlier of (i) an announcement that the parties in the Securities Class Action have reached a settlement; (ii) final dismissal of all claims in the Securities Class Action with prejudice; or (iii) for good cause shown upon an application to lift the stay by both parties. The Parties shall confer and submit a proposed scheduling order within thirty (30) days following dissolution of the stay order.

c) While the stay is in effect, Plaintiff shall not take any other legal action in connection with or related to the Derivative Action. Plaintiff shall not make any argument that any Defendant, the Board of Directors of NextEra (the "Board"), or any committee of the Board has unduly delayed or acted somehow improperly based on the stay.

d) Defendants shall notify Plaintiff: (i) should they become aware of any related shareholder derivative lawsuits (a "Related Derivative Action"), other than the earlier-filed cases captioned *Davidson, et al.* v. *Silagy, et al.*, 50-2023-CA-012434-XXXX-MB, *Lamborn* v.

5

*Ketchum, et al.*, No. 9:23-cv-81471 (S.D. Fla.), or *Davis* v. *Ketchum, et al.*, 50-2024-CA-002863-XXX-AMB, or (ii) if a Related Derivative Action is not stayed for a similar or longer duration than this stay. The Parties agree that it shall be good cause to lift the stay if any Related Derivative Action is not stayed for the same or longer duration. For the avoidance of doubt, the fact that a Related Derivative Action is subject to a pending motion to stay shall not qualify as good cause to lift the stay.

   e)  During the pendency of the stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or formal settlement talks with the lead plaintiffs in the Securities Class Action and shall invite Plaintiff to participate in person or remotely in any mediation or formal settlement talks with the lead plaintiffs in the Securities Class Action or any purported plaintiff in any Related Derivative Action. Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or formal settlement talks with any other plaintiff in any Related Derivative Action and shall include Plaintiff in any such mediation or formal settlement discussions. Plaintiff's ability to attend and participate in any mediation or formal settlement discussions is contingent on their prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement talks. In the event Defendants are unable to include Plaintiff in the mediation with the lead plaintiffs in the Securities Class Action or with any other plaintiff in any Related Derivative Action, Defendants agree to mediate with Plaintiff at or about the same time.

   f)  During the pendency of the stay provided for in subparagraph b, and subject to the prior execution of a reasonable confidentiality agreement and/or protective order, Defendants shall produce to Plaintiff: (1) all other agreements Defendants have entered to stay a Related Derivative Action or any pre-suit books-and-records inspection demand(s) regarding the same allegations made in the Derivative Action; (2) all demands for books and records made by any other

6

shareholder related to the allegations made in the Derivative Action; and (3) any documents Defendants have produced already or documents produced hereafter during the pendency of the stay or after the stay is lifted (i) in the Securities Class Action, (ii) in any Related Derivative Action, or (iii) pursuant to any pre-suit books-and-records inspection demand regarding the same allegations made in the Derivative Action. Defendants shall produce such documents within the later of either ten (10) days of the execution of a reasonable confidentiality agreement or within ten (10) days of the date that such production is made. Plaintiff hereby agrees that all such documents provided to them pursuant to this Paragraph shall be deemed incorporated by reference into any future amended or consolidated complaint in the Derivative Action that Plaintiff may file, and Plaintiff shall not make any argument to the contrary in any motion or otherwise.

g)   Notwithstanding the stay of proceedings in the Derivative Action, Plaintiff may (1) move for consolidation with and/or leadership in the *Lamborn* Action; or (2) may file an amended complaint, although Defendants shall be under no obligation to move, answer, plead, or otherwise respond to the amended complaint during the pendency of the stay.

h)   All currently scheduled hearings, conferences, and deadlines shall be suspended until the stay of proceedings is lifted and the Court enters a scheduling order.

Respectfully submitted,

By: *Jeff Ostrow*
Jeff Ostrow
(Florida Bar No. 121452)
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT P.A.**
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
ostrow@kolawyers.com

*Local Counsel for Plaintiff*

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
Joseph A. Pettigrew
(pro hac vice forthcoming)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jpettigrew@scott-scott.com

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
Jing-Li Yu
(pro hac vice forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jyu@scott-scott.com

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
Geoffrey M. Johnson
(pro hac vice forthcoming)
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (216) 229-6092
gjohnson@scott-scott.com

*Attorneys for Plaintiff*

OF COUNSEL:

Audra J. Soloway
New York Bar No. 4113536
(pro hac vice forthcoming)
David P. Friedman
New York Bar No. 5387774
(pro hac vice forthcoming)
PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
asoloway@paulweiss.com
dfriedman@paulweiss.com

Matthew D. Stachel
Delaware Bar No. 5419
(pro hac vice forthcoming)
1313 N. Market Street, Suite 806
Post Office Box 32
Wilmington, DE 19899-0032
Tel.: (302) 655-4410
Fax: (302) 655-4420
mstachel@paulweiss.com

By:  *Andy Hernández*
 Andy Hernández
 Florida Bar No. 1018581
 Jordi C. Martínez-Cid
 Florida Bar No. 100566
 Martínez-Cid Law
 1 S.E. 3rd Avenue, Suite 2300 Miami,
 Florida 33131 Telephone: 305-704-9162
 Email: jmartinez-cid@martinez-
 cidlaw.com Email:
 ahernandez@martinez-cidlaw.com
 Email: service @martinez-cidlaw.com

 Daniel J. Kramer
 New York Bar No. 1979392
 (pro hac vice forthcoming)
 Joshua Hill Jr.
 New York Bar No. 4297826
 (pro hac vice forthcoming)
 PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
 1285 Avenue of the Americas
 New York, NY 10019-6064
 Tel.: (212) 373-3000
 Fax: (212) 757-3990
 dkramer@paulweiss.com
 jhill@paulweiss.com

 *Counsel for Defendants John W. Ketchum, Nicole S. Arnaboldi, Sherry S. Barrat, James L. Camaren, Kenneth B. Dunn, Naren Gursahaney, Kirk S. Hachigian, Amy B. Lane, David Porges, John A. Stall, Darryl L. Wilson, Rudy E. Schupp, John L. Skolds, James L. Robo, Eric Silagy, and David P. Reuter, and nominal defendant NextEra Energy, Inc.*

**HOLLAND & KNIGHT LLP**

By: *Allison Kernisky*
ALLISON KERNISKY
Florida Bar No. 41160
STEPHEN P. WARREN
Florida Bar No. 788171
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305) 789-7799
Email: allison.kernisky@hklaw.com
Email: stephen.warren@hklaw.com

*Counsel for Defendant Utter*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 25, 2024, I electronically filed the foregoing document using the CM/ECF system which in turn will serve a copy by electronic mail to all counsel and parties of record.

By: **Andy Hernández**
Andy Hernández

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, I hereby certify that undersigned counsel has conferred with all parties or non-parties who may be affected by the relief sought in this motion and counsel for all such parties or non-parties has indicated that they agreed to jointly seek the relief requested herein.

**Andy Hernández**
Andy Hernández